UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:26-CV-00358-GNS

JUNWEI GUAN                                                                          PETITIONER

v.

MARKWAYNE MULLIN, Secretary of
U.S. Department of Homeland Security,
in their official capacity;
TODD BLANCHE, Attorney General
of the United States, in their official capacity;
TODD M. LYONS, Acting Director of
Immigration and Customs Enforcement,
in their official capacity;
SAM OLSON, Chicago Field Office Director,
in their official capacity; and
MIKE LEWIS, Warden of Hopkins County Jail,
in their official capacity                                                          RESPONDENTS

## **ORDER**

This matter is before the Court on the Petitioner's Petition for Writ of Habeas Corpus (DN 1).

In May 2014, Petitioner Junwei Guan ("Guan"), a native and citizen of China, was arrested for attempting to illegally enter the United States. (Resp'ts' Resp. Show Cause Order Ex. 1, at 2, DN 6-1; Pet. ¶ 1, DN 1). He was issued a Notice to Appear and released on an Order of Release on Recognizance. (Resp'ts' Resp. Show Cause Order Ex. 1, at 2; Resp'ts' Resp. Show Cause Order Ex. 2, at 1-3, DN 6-2).

On April 23, 2026, Guan was detained by the Indiana State Police at the behest of Immigration and Customs Enforcement ("ICE") after being subject to a random commercial truck inspection. (Resp'ts' Resp. Show Cause Order Ex. 1, at 2). The next day, he was transferred to ICE custody and served with a Warrant for Arrest of Alien. (Resp'ts' Resp. Show

Cause Order Ex. 1, at 2; Pet. ¶ 1).  The Order of Release on Recognizance was cancelled, and Respondents assert that the notice of the cancellation was served upon Guan.  (Resp'ts' Resp. Show Cause Order Ex. 1, at 2; Resp'ts' Resp. Show Cause Order Ex. 3, at 1, DN 6-3; Resp'ts' Resp. Show Cause Order 2, DN 6).  He is currently detained at the Hopkins County Jail.  (Pet. ¶¶ 1, 6).

Guan filed the Petition for Writ of Habeas Corpus against Respondents:  Markwayne Mullin, Secretary of the Department of Homeland Security; Todd Blanche, Acting Attorney General of the United States; Todd M. Lyons, Acting Director of ICE; Sam Olson, Field Office Director of the Chicago Field Office of ICE; and Mike Lewis, Warden of Hopkins County Jail. (Pet. ¶¶ 9-13).  In the Petition, he challenges his continued detention and alleges violations of his due process rights under the Fifth Amendment, and the Administrative Procedure Act.  (Pet. ¶¶ 46-70).

A writ of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)).  In seeking habeas relief, Guan bears the burden of proving by a preponderance of the evidence that his detention is unlawful.  *See Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023); *Lallave v. Martinez*, 609 F. Supp. 3d 164, 171 (E.D.N.Y. 2022).

Many cases decided by courts within the Sixth Circuit have considered whether a petitioner must exhaust administrative remedies before seeking relief under Section 2241.  "The Sixth Circuit has held that due process challenges generally do not require exhaustion because

the [Board of Immigration Appeals] cannot review constitutional challenges." *Edahi v. Lewis*, No. 4:25-CV-00129-RGJ, 2025 WL 3466682, at *4 (W.D. Ky. Nov. 27, 2025) (citations omitted). It is proper to "waive exhaustion . . . when administrative processes may be untimely or may lead to unnecessary hardship. This typically occurs when the legal question is ripe for resolution, and any delay would mean unnecessary hardship for the Petitioner." *Id.* (citations omitted); *see also Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 13 (2000) (citation omitted) (noting that the doctrine of exhaustion may be waived when "the legal question is 'fit' for resolution and delay means hardship"). While Respondents assert that Guan has failed to request a bond hearing, their argument ignores the reality that immigration judges were wrongfully denying request for bond due to lack of jurisdiction and based on the erroneous decision of the Board of Immigration and Appeals in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025). Because prolonging his detention any further would be an unnecessary hardship, the Court waives the exhaustion requirement. *See Edahi*, 2025 WL 3466682, at *4.

This Court has previously rejected arguments that Guan is an arriving alien subject to 8 U.S.C. § 1225 when the catchall or default rule in 8 U.S.C. § 1226(a) applies to aliens like Guan already present within the United States. *See, e.g.*, *Aquino v. Woosley*, No. 4:26-CV-00043-RGJ, 2026 WL 445033, at *2-9 (W.D. Ky. Feb. 17, 2026); *Coronel-Hernandez v. Woosley*, No. 4:26-CV-00020-DJH, 2026 WL 227011, at *3-4 (W.D. Ky. Jan. 28, 2026); *Resendiz v. Noem*, No. 4:25-CV-00159-GNS, 2025 WL 3527284, at *3-6 (W.D. Ky. Dec. 9, 2025); *Martinez-Elvir v. Olson*, No. 3:25-CV-00589-CHB, 2025 WL 3006772, at *6-11 (W.D. Ky. Oct. 27, 2025). On May 11, 2026, the Sixth Circuit decided *Lopez-Campos v. Raycraft*, Nos. 25-1965/1969/1978/1982, 2026 WL 1283891 (6th Cir. May 11, 2026), holding:

> We [] find that an "applicant for admission" is not necessarily "seeking admission." Because no Petitioner is alleged to be seeking admission or lawful

3

entry into the United States, § 1225(b)(2)(A)'s mandatory detention scheme does not apply to them.  And since "§ 1226 applies to aliens already present in the United States" and "creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings," Petitioners could have been detained pursuant to only § 1226.

*Id.* at *11 (citing *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018)).  Therefore, Section 1226(a) applies to Guan.

In addition, this Court has repeatedly held that an alien being erroneously detained under Section 1225 when he is eligible for bond under Section 1226(a) can prove a due process violation under the three-part balancing test articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976).  *See, e.g.*, *Aquino*, 2026 WL 445033, at *10-12; *Coronel-Hernandez*, 2026 WL 227011, at *4-5; *Martinez-Elvir*, 2025 WL 3006772, at *11-13.  The unlawful detention of Guan implicates his liberty interest to which due process applies and precludes him from challenging his detention creating a high risk of erroneous deprivation of the liberty interest, which can be remedied by providing a bond hearing before a neutral immigration judge.  *See Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) (internal citation omitted) (citing *Youngberg v. Romeo*, 457 U.S. 307, 316 (1982)); *Günaydin v. Trump*, 784 F. Supp. 3d 1175, 1187 (D. Minn. 2025); *Pinchi v. Noem*, No. 5:25-CV-05632-PCP, 2025 WL 2084921, at *5 (N.D. Cal. July 24, 2025).  As this Court has recognized, "a 'routine bond hearing before an [immigration judge]' presents 'minimal' fiscal and administrative burdens, and 'there is an established process for doing so that [the Department of Homeland Security] can readily follow here.'"  *Alonso v. Tindall*, No. 3:25-CV-652-DJH, 2025 WL 3083920, at *9 (W.D. Ky. Nov. 4, 2025) (alterations in original) (quoting *Hyppolite v. Noem*, No. 25-CV-4304 (NRM), 2025 WL 2829511, at *15 (E.D.N.Y. Oct. 6, 2025)).

When individuals have been illegally detained by ICE, courts have ordered their release. *See Patel v. Tindall*, No. 3:25-CV-373-RGJ, 2025 WL 2823607, at *6 (W.D. Ky. Oct. 3, 2025); *Barrera v. Tindall*, No. 3:25-CV-00541-RGJ, 2025 WL 2690565, at *7 (W.D. Ky. Sep. 19, 2025); *see also Roble v. Bondi*, No. 25-CV-3196 (LMP/LIB), 2025 WL 2443453, at *5 (D. Minn. Aug. 25, 2025). "Habeas has traditionally been a means to secure release from unlawful detention . . . ." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020). Consistent with these norms, Guan must be released, and if he is arrested and re-detained, he is entitled to a bond hearing on the merits under 8 U.S.C. § 1226 before a neutral immigration judge.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1.      The Petition for Writ of Habeas Corpus (DN 1) is **GRANTED**. Respondents are directed to release Petitioner Junwei Guan from custody **IMMEDIATELY**, and, in the event that he is arrested and re-detained, provide him with a bond hearing before a neutral immigration judge in accordance with 8 U.S.C. § 1226(a). Respondents shall certify compliance with the Court's Order by filing on the docket no later than **5:00 PM CT today**.

2.      Upon receipt of the notice of compliance, the Clerk shall strike this matter from the active docket.

**Greg N. Stivers, Judge**
**United States District Court**
May 28, 2026

cc:      counsel of record

5